**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sebastian Patrick Clemente, | No. CV-20-01197-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Sebastian Clemente's Application for Disability Insurance benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 14, "Def. Br."), and Plaintiff's Reply (Doc. 17, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 12, "R.") and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 12–34).

**I.   BACKGROUND**

On September 1, 2016, Plaintiff filed an application for Disability Insurance benefits alleging disability beginning September 14, 2014. (*Id.* at 15.) Plaintiff's claim was denied initially on November 28, 2016, and on reconsideration on April 18, 2017. (*Id.*) Plaintiff appeared before the ALJ for a hearing on his claim on July 15, 2017. (*Id.*) On July 31,

2019, the ALJ denied Plaintiff's claim. (*Id*. at 12–34.) On April 21, 2020, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (*Id*. at 1–6.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: fibromyalgia; lumbar degenerative disc disease; thoracic degenerative disc disease; cervical degenerative disc disease; lateral epicondylitis of the right elbow; obesity; major depressive disorder; and generalized anxiety disorder. (*Id*. at 17.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from September 14, 2014 through July 31, 2019. (*Id*. at 28.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 18.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding:

> [Plaintiff] has the [RFC] to perform light work . . . except [Plaintiff] could occasionally climb ramps and stairs. [Plaintiff] could never crawl or climb ladders, ropes or scaffolds. He could occasionally balance, stoop, kneel, crouch, and reach overhead. With the right arm, [Plaintiff] could frequently handle, finger, and reach in all other directions. [Plaintiff] should avoid extreme cold, vibration, and hazards, including moving machinery and unprotected heights. He is able to perform simple, routine tasks. [Plaintiff] can make simple, work-related decisions in an environment where changes are infrequent and introduced gradually. He is able to perform work that does not require production quotas or fast-paced rates, like those found in assembly line work. [Plaintiff] could occasionally interact with coworkers and the public.

(*Id*. at 20.) Accordingly, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (R. at 27.)

## II.     LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability

determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

. . . .

. . . .

. . . .

## III. ANALYSIS

Plaintiff raises four issues for the Court's consideration.[1] First, Plaintiff argues that the ALJ erred by rejecting opinions from Plaintiff's treating physician, Dr. Jasbir Bisla. (Pl. Br. at 8–13.) Next, Plaintiff argues that the ALJ erred by rejecting his symptom testimony. (*Id*. at 13–15.) Similarly, Plaintiff argues that the ALJ erred by rejecting lay witness statements from his mother and son. (*Id*. at 15–17.) Finally, Plaintiff argues that the ALJ erred by relying on incomplete vocational expert ("VE") testimony to find Plaintiff is not disabled, since the hypotheticals the ALJ posed to the VE did not include limitations from the rejected opinions and testimony. (*Id*. at 17.)

The Court rejects Plaintiff's arguments and finds that substantial evidence supports the ALJ's nondisability determination. The ALJ appropriately rejected Dr. Bisla's opinions because they are inconsistent with the objective medical evidence and they lack explanation. The ALJ also correctly rejected Plaintiff's symptom testimony because of his improvement with treatment, inconsistent statements, and inconsistency with the medical evidence. The ALJ correctly rejected the lay opinions for similar reasons. Finally, the ALJ did not rely on incomplete VE testimony since she included all of Plaintiff's limitations that are supported by substantial evidence in hypotheticals posed to the VE.

### A. The ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting Dr. Bisla's opinions.

Dr. Bisla provided several opinions regarding Plaintiff's functional limitations, indicating, "he has marked limitations in almost every area including the ability to relate to coworkers, interact with supervisors and the ability to interacted with the public." (R. at 25, 35, 371, 539–41, 829–30, 849–51, 1184.) The ALJ rejected these opinions giving them

---

[1] Plaintiff raises an additional issue that the Appeals Council improperly rejected an opinion from Dr. Jasbir Bisla after Plaintiff's hearing. (Pl. Br. at 12; R. at 2, 35.) Plaintiff cites *Taylor v. Comm'r of Soc. Sec. Admin.*, 659. F.3d 1228, 1232 (9th Cir. 2011), and 20 C.F.R. § 404.970(b), as support for his contention that the opinion was properly submitted. (Pl. Br. at 12.) But *Taylor*, stands only for the proposition that the Appeals Council must consider, *i.e.*, not ignore, newly submitted evidence, even if it determines that it would not have changed the ALJ's decision. *Taylor*, 659 F.3d at 1232. Here, the Appeals Council considered and rejected Dr. Bisla's opinion, so there was no error. (R. at 2.)

- 4 -

some weight for three reasons. First, the ALJ found that the opinions are inconsistent with the medical evidence, including Dr. Bisla's treatment records. (R. at 25–26.) Second, the ALJ found that Dr. Bisla provided insufficient explanation for his opinion that Plaintiff's desire to return to work was unreasonable. (*Id*.) Third, the ALJ found that Dr. Bisla's opinion that Plaintiff's limitations can only be accounted for by being off task was unsupported by the evidence. (*Id*.) The Court finds that the ALJ provided sufficient reasons supported by substantial evidence for discounting Dr. Bisla's opinions.

When evaluating medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ correctly rejected Dr. Bisla's opinions because the objective medical evidence did not corroborate his opined-to limitations. This was a permissible basis for discounting Dr. Bisla's opinions. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Further, substantial evidence supports the ALJ's determination. The ALJ found that the medical record regularly demonstrated that Plaintiff's behavior, mood, memory, impulse control, insight, and judgment were normal. (R. at 25, 372, 468, 996, 999, 1041–42.) Though Plaintiff argues that the records the ALJ cites correspond to treatment notes related to Plaintiff's physical conditions, and thus do not undermine Dr. Bisla's opinions regarding Plaintiff's mental impairments, the Court is unpersuaded. (Pl. Br. at 10–11.)

Regardless of the reason for treatment, these normal findings undermine Dr. Bisla's opinions because they weigh upon symptoms and limitations he opined to. (R. at 25, 372, 468, 996, 999, 1041–42.) Plaintiff also argues that some records demonstrate that Plaintiff exhibited symptoms consistent with Dr. Bisla's opinions. (Pl. Br. at 11.) But regardless of the presence of some normal findings, the ALJ's interpretation of the evidence is a reasonable one, and thus, is entitled to deference. *See Tommasetti*, 533 F.3d at 1041.

The ALJ also rejected Dr. Bisla's opinions because he did not explain his opinion that Plaintiff's desire to return to work was unrealistic. (R. at 25, 830.) Since this opinion was unexplained and a lack of explanation is a permissible basis to discount medical opinions, the ALJ did not err. *See* 20 C.F.R. § 404.1527(c)(3). Further, the ALJ found that Dr. Bisla's opinion that Plaintiff's limitations can only be accounted for by being off-task is unsupported by the evidence. (R. at 26, 849.) Plaintiff argues that the ALJ mischaracterized Dr. Bisla's opinion that Plaintiff will have "noticeable difficulty" with tasks as an opinion that Plaintiff would be off-task. (Pl. Br. at 11; R. at 849.) But Plaintiff's argument ignores Dr. Bisla's checkbox-form opinion's definition of "noticeable difficulty," which it defines as "distracted from job activity." (*Id.*) These two terms could both reasonably be equated with being off-task. Thus, the ALJ reasonably found that Dr. Bisla opined that Plaintiff will be off-task regularly because of his impairments, and that his opinion is unsupported by the evidence.

**B.    The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony.**

Plaintiff testified that his inability to work stems primarily from pain, his inability to sit, and mental numbness. (R. at 47.) The ALJ discounted Plaintiff's symptom testimony for three reasons. First, the ALJ found that Plaintiff's allegations were undermined by the objective medical evidence. (*Id.* at 23.) Second, she found that Plaintiff's allegations were inconsistent with his improvement with treatment. (*Id.*) Finally, the ALJ found that Plaintiff's testimony was inconsistent with statements regarding his activities of daily living ("ADLs") and a doctor's treatment recommendations. (*Id.*) Altogether, the Court

finds the ALJ gave specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony.

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

The ALJ reasonably determined that Plaintiff's symptom testimony is largely uncorroborated by the medical evidence. Though ALJs may not rely solely on a lack of medical evidence as a basis to reject symptom testimony it is a permissible consideration. *Id*. The ALJ cited to medical records that indicate Plaintiff's allegations did not correspond to objective findings. (R. at 21–23.) The ALJ cited MRIs of Plaintiff's right arm and spine, which revealed only normal or mild findings. (*Id*. at 1029, 1053–55.). Further, the ALJ cited x-ray imaging that revealed minimal changes on Plaintiff's spine and otherwise negative or mild findings that were consistent with Plaintiff's age group. (*Id*. at 356.). Further, electromyography of Plaintiff's right arm was normal. (*Id*. at 395). Th record also documented Plaintiff's normal range of motion and gait. (*Id*. at 373, 1106.) Ultimately, substantial evidence supports the ALJ's conclusion that Plaintiff's allegations of disabling

symptoms are unsupported by the medical evidence, though it was not, and could not be, the ALJ's sole basis for rejecting his testimony.

The ALJ also reasonably determined that Plaintiff's allegations were inconsistent with his documented improvement with treatment. This was a sufficient basis for the ALJ to reject Plaintiff's testimony and it was supported by substantial evidence. *See Tommasetti*, 533 F.3d at 1040. The ALJ identifies several records that indicate that Plaintiff responded well to treatment, including physical therapy and medications for pain and anxiety. (R. at 596, 606, 617, 690, 820, 829, 1062, 1212.) But Plaintiff argues that the ALJ failed "to identify any specific records contrary to any of [his] specific statements regarding his limitations." (Pl. Br. at 14.) The Court disagrees and finds that the ALJ cited to specific records indicating improvement. Further, these records and the ALJ's analysis allow the Court to clearly discern why the ALJ concluded that Plaintiff's allegations were inconsistent with his documented improvement. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (reiterating that ALJs may explain their decisions with unideal clarity so long as their reasoning is reasonably discernible). And the Court also concludes that the ALJ's reasoning is supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004) (declaring that when competing rational inferences can be drawn from the record, the ALJ's decision should be upheld). Even if the ALJ could have identified every specific statement by Plaintiff that was contradicted by every item of evidence, a failure to do so is not error since the Court can reasonably follow the ALJ's reasoning.

Finally, the ALJ appropriately rejected Plaintiff's symptom testimony because his allegations were inconsistent with statements he made regarding his ADLs and with a doctor's recommendations. Specifically, the ALJ found Plaintiff's allegations were inconsistent with his statement to Dr. Bisla that he had a desire to return to work. (R. at 23, 829.) The ALJ also found Plaintiff's allegations inconsistent with a doctor's recommendations that he do yoga and Pilates every day to improve his back strength, range of motion, and endurance. (*Id*. at 598.) With respect to both items of evidence, the ALJ

properly considered whether they were inconsistent with Plaintiff allegations of disabling symptoms. *Smolen*, 80 F.3d at 1284 (reiterating that ALJs may consider prior inconsistent statements concerning symptoms when evaluating testimony). Plaintiff argues that the ALJ erred by relying on this evidence because Plaintiff's ADLs do not necessarily correspond to an ability to perform sustained work. (Pl. Br. at 14–15.) Still, the ALJ's reliance on this evidence was proper because the cited records were inconsistent with Plaintiff's allegations of disabling symptoms, even if that particular evidence does not necessarily translate to sustained employment. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (holding that ALJs may rely on ADLs that undermine a claimant's testimony even if they reflect some limitations in functioning).

### C. The ALJ's reasons for rejecting Plaintiff's symptom testimony apply with equal force to the lay witnesses' statements.

Plaintiff's mother, Nora Smith, and his son, Joshua Clemente, completed statements regarding Plaintiff's limitations. (R. at 251–58, 333–46.) The ALJ gave these opinions only some weight. (*Id.* at 24.) Plaintiff argues that the ALJ erred by rejecting both statements and that their statements establish that Plaintiff cannot perform full time work on a regular basis. (Pl. Br. at 16.) Further, Plaintiff argues that there is no reliable evidence supporting the ALJ's rejection of these statements. (*Id.*)

An ALJ need only provide a germane reason for rejecting a lay witness's reports. *See Molina*, 674 F.3d at 1114. If the ALJ provides valid reasons for rejecting testimony by one witness, the ALJ may rely on those same reasons to reject the similar testimony of a different witness. *Id.* Thus, an ALJ's valid reasons for rejecting a claimant's symptom testimony may apply with equal force to a lay witness's statements. *See Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

Since the lay witness testimony was similar to Plaintiff's allegations, the ALJ's reasons for rejecting Plaintiff's testimony apply with equal force to the lay witness statements. Plaintiff argues that the same rationales should not apply to the lay witness statements since the ALJ improperly rejected his symptom testimony in the first place.

(Pl. Br. at 16.) The Court disagrees. As discussed above, the Court finds the ALJ gave specific, clear, and convincing reasons that are supported by substantial evidence for discounting Plaintiff's symptom testimony, *e.g.*, Plaintiff's improvement with treatment. Since the same reasons apply with equal force to the lay witness statements, the ALJ did not err by discounting those statements.

### D. The ALJ was not required to include limitations in hypotheticals to the VE that were unsupported by the evidence.

Plaintiff argues that "in posing his hypothetical questions to the VE, the ALJ omitted [Plaintiff]'s credible allegations, the limitations described by the two lay witnesses, and the limitations assed by [Plaintiff]'s treating doctor, Dr. Bisla." (Pl. Br. at 17.) Plaintiff correctly identifies the applicable law, which provides that in order to be relevant, ALJs must provide all limitations that are supported by the evidence in hypotheticals posed to a VE. (*Id.*) *See Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012); *see also Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Here, the ALJ did so. Plaintiff's argument on this issue rehashes his other arguments. The limitations that Plaintiff argues were erroneously left out of hypotheticals to the VE come from limitations provided by Plaintiff's testimony, the lay witnesses, and Dr. Bisla's opinions. (Pl. Br. at 17.) However, the ALJ correctly rejected all this evidence. Accordingly, the ALJ was not required to include in hypothetical questions limitations from those sources that were unsupported by the evidence, and he did not err by failing to do so.

## IV. CONCLUSION

Substantial evidence supports the ALJ's nondisability determination. The ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting opinions from Plaintiff's treating physician. Further, the ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony. These same reasons justified the ALJ's rejection of the lay witness statements.

Finally, the ALJ did not err by refusing to include limitations from correctly rejected evidence in questioning the VE regarding Plaintiff's limitations.

**IT IS THEREFORE ORDERED** affirming the decision of the Administrative Law Judge (R. at 12–34) as upheld by the Appeals Council (R. at 1–6).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 20th day of April, 2021.

Honorable John J. Tuchi
United States District Judge